UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARY JO SCHAD,

                        Plaintiff,

v.                                              3:15-CV-0742
                                              (GTS/WBC)
CAROLYN W. COLVIN,
Commissioner of Social Security,

                        Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

LACHMAN & GORTON                    PETER A. GORTON, ESQ.
 Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, NY 13761-0089

U.S. SOCIAL SECURITY ADMIN.       REBECCA H. ESTELLE, ESQ.
OFFICE OF REG'L GEN. COUNSEL
– REGION II
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this Social Security action filed by Mary Jo Schad ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, and (2) Plaintiff's objections to the Report and Recommendation. (Dkt.

Nos. 21, 22.)  For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

I.      PLAINTIFF'S OBJECTIONS

Generally, Plaintiff argues that the Court should reject Magistrate Judge Carter's recommendation to affirm the Commissioner's determination because substantial evidence did not support the ALJ's step five determination (that there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform).  (Dkt. No. 22 at 1-2.)  Plaintiff essentially argues that the ALJ's step five determination was erroneous because (1) vocational expert testimony was required based on Plaintiff's limitation to sedentary work with simple tasks and no concentrated exposure to respiratory irritants, and (2) the vocational expert only estimated the number of jobs for the broad occupational categories identified, and did not estimate the number of the specific jobs identified.  (*Id.*)

II.     APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C).  "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made."  28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2).  "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his

original arguments, the Court reviews the Report and Recommendation only for clear error."
*Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

## III. ANALYSIS

The Court finds that Plaintiff's objections merely reiterate arguments presented in her initial brief and reply brief. (*Compare* Dkt. No. 22 *with* Dkt. Nos. 13, 19.) Therefore the Court reviews the portion of Magistrate Judge Carter's Report and Recommendation addressed in Plaintiff's objections for clear error only. After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report and Recommendation. Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 21.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 21) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: April 22, 2016
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge